PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-MC-00167-TLN-KJN |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $15,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On May 7, 2016, agents with the United States Postal Inspection Service ("USPIS") seized approximately $15,000.00 in U.S. Currency ("the defendant currency") from Renita Credle ("Credle") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about July 18, 2016, USPIS received a claim from Credle asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on May 7, 2016, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California.  During the interdiction, law enforcement officials identified a parcel that bore markers consistent with parcels used for shipping contraband. The

1

package was addressed to MacArthur Morin ("Morin"), 7200 Jacinto Ave., Unit 17-101, Sacramento, California, 95823, with the following return address: R. Credle, 180 Guy Lombardo Ave., Apt. Q, Freeport, NY 11520.

4. The United States represents that it could further show at a forfeiture trial that law enforcement officials contacted Morin, who confirmed he was expecting a package of DVD's and books. Morin gave consent to the law enforcement officials to open the package. The package contained four DVD's and a white plastic bag with the defendant currency hidden inside several plastic bags. Morin initially stated he was not expecting money. He later said if money were found in the package, he was expecting it. Morin also told law enforcement officials that Renita Credle was his girlfriend and that the money was reimbursement for money he previously loaned her for engine repairs.

5. The United States represents that it could further show at a forfeiture trial that law enforcement officials contacted Credle, who confirmed she had sent a package to an individual in Sacramento. Credle told the officials it contained cash to pay back Morin for a business loan. Credle also told the law enforcement officials that Morin loaned her money to lease building space in Northern Freeport, NY to start a crossfit/personal training company but the business venture fell through and she was paying Morin back.

6. The United States represents that it could further show at a forfeiture trial that the parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

7. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, Credle specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, potential claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Credle hereby acknowledges that she is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the

defendant currency, Claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of the Consent Judgment of Forfeiture, $11,250.00 of the Approximately $15,000.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $3,750.00 of the Approximately $15,000.00 in U.S. Currency shall be returned to claimant Renita Credle.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Credle waives the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

1    7.    Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court
2 enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause
3 for the seizure of the above-described defendant currency.

4    IT IS SO ORDERED.

5 DATED: January 20, 2017

_____
Troy L. Nunley
United States District Judge